Van Brunt, P. J.
The plaintiff in his complaint alleged that during the years 1881, 1882 and 1883, he performed work, labor and services for the defendants, and that on the 1st of January, 1884, there was an agreed balance of $750 due to the plaintiff from the defendants. This cause of action was admitted by the defendant. For a second cause of action the plaintiff alleged that during the year 1884 he was employed by the defendants at an agreed compensation, of which then there was due the sum of $950.37. And for a third cause of action, that he rendered services from the 1st of January, 1885, to the 24th of June, 1885, to the defendants, when he was discharged, and that there was due a balance for such services of $407.75.
The defendants by their answer admitted that the plaintiff rendered services during the year 1884, but denied the *309 amount due; and also admitted the services rendered between January 1st, 1885, and June 24th, 1885, but denied the amount due. The defendants set up as a counterclaim a guaranty upon the part of the plaintiff of payment for certain goods sold to one Cunningham amounting to the the sum of $442.48, and for a further counter-claim a guaranty of another bill of goods sold to the firm of Layman & Mayhoff by the defendants, which bill of goods has never been paid. Upon the trial of the case upon cross-examination the plaintiff testified that he was discharged on the 24th of June, 1885. He was then asked: “When did you go into other employment ?” This was objected to as immaterial, the objection was sustained, and an exception taken. It is urged that it was material upon the truth of the plaintiff’s statement that he was employed upon a yearly salary, to ascertain why he did not sue for the balance of the term of his employment, and that if he had entered upon other employment within the period, that fact might have explained the nature of his claim. It is not apparent that the inquiry tended to throw any light upon this question. There is no intimation upon the record that the question was asked for any such purpose; and in view of the fact of the plaintiff’s not suing for any salary subsequent to the 24th of June, 1885, it was entirely immaterial what employment he had made of his time subsequent to that period. If it was desired to introduce such evidence for the purpose of showing that the plaintiff’s claim of yearly employment was not founded upon fact, it was necessary for the learned counsel for the. defendants to have gone further in their inquiry, or to have stated to the court the object with which the inquiry was pursued. As it appears upon the record that no intimation was given to the court as to the purpose for which the evidence was offered; and as it appears to have been perfectly immaterial to the issues involved, the ruling therefore, was not erroneous.
The other two exceptions in the case relate to the counter-claims set up in the defendant’s answer. The evidence relating to the counter-claim set up in the answer as to the goods sold to Cunningham, was stricken out upon motion; and the counter-claim in relation to the goods sold to Layman & Mayhoff, was dismissed upon-motion, at the end of the defendant’s case.
No evidence, whatever, was offered in respect to either of these counterclaims tending to show that the guaranty sued upon was in writing. This, under the Statute of Frauds, was fatal to those causes of action. A guaranty, unless in writing, is absolutely void under that statute; and the declaration in the answer is expressly upon a guaranty of the plaintiff, to be answerable to the defendants for the *310 payment by said Ounninghan and Layman and Mayhoff of the price of said goods..
It is immaterial so far as the result is concerned whether the court upon ascertaining that this guaranty was not in writing, struck out the evidence, or dismissed the counterclaim. If it had appeared in the first instance that the guaranty was not in writing, the evidence should have been excluded; and therefore, when during the progress of the trial it was ascertained that such was the case, the plaintiff was correct in his practice in moving to strike out the evidence relating thereto. It is true that a 'different practice was pursued in reference to the second counterclaim. That counterclaim founded upon a guaranty, and it appearing that such guaranty was not in writing, the counterclaim was properly dismissed.
The learned counsel for the appellant claims that these rulings were .error, because the jury might have found from the evidence that the credit was given to the plaintiff in the first instance and that the contract was not one of guaranty, and has cited many authorities to sustain that proposition. The defendant in setting up his counterclaim having based his cause of action upon a guaranty could not recover upon the ground that there was no guaranty without an amendment of his pleadings. The foundation of his complaint being a guaranty and no guaranty in writing being proven, no right to recover was shown.
It is too late now to claim that there was sufficient evidence to show a right to recover for goods sold and delivered. Whether upon an application to the court, he would have been allowed to amend his answer, is a question not now necessary to consider. But in the absense of such amendment, it is clear that no such question could be submitted to the jury.
The judgment and order appealed from, were accordingly correct and must be affirmed, with costs.
Daniels and Brady, JJ., concur.